## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

MUSTAFA YOUNIS ATEF )
YOUSEF, )
      )
     Petitioner, )
      )
v. )     **Case No. CIV-26-798-R**
      )
ROBERT CERNA, et al., )
      )
     Respondents.

## ORDER

Petitioner, a noncitizen, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement. Before the Court is the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell [Doc. No. 10] recommending that the Petition be granted in part and Respondents ordered to immediately release Petitioner. Respondents filed a timely Objection [Doc. No. 11], which obligates the Court to undertake a de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

Respondents object to Judge Mitchell's conclusion that 8 U.S.C. § 1226, rather than the mandatory detention provision set out in 8 U.S.C. § 1225(b)(2)(A), governs Petitioner's detention. Upon de novo review, and in accordance with the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026), the Court concludes that § 1226(a) governs Petitioner's detention.

Respondents also object to Judge Mitchell's analysis of Petitioner's procedural due process claim and her finding that the proper remedy is release. On this point, the Court agrees with Respondents that the proper remedy is an individualized bond hearing under § 1226(a). *See id.* at 17 n. 13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ."); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *1-2 (W.D. Okla. June 29, 2026) ("The proper remedy is an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a)."). And, "[b]ecause the Court grants habeas relief to Petitioner on the basis of his statutory claim and directs that Petitioner be provided a bond hearing in accordance with § 1226(a), the Court declines to address the due process claims." *Carranza-Mejia v. Noem*, No. CIV-26-076-SLP, 2026 WL 483650, at *2 (W.D. Okla. Feb. 20, 2026).

Accordingly, the Report and Recommendation [Doc. No. 10] is ADOPTED in part and the Petition for Writ of Habeas Corpus is GRANTED in part. Respondents are directed to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or release Petitioner. Respondents shall certify compliance with this order.

IT IS SO ORDERED this 8th day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE